IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

              Plaintiff,

                                          Case No. 2:13-cv-00714

                                          OPINION & ORDER

     v.

DR. LITANO,

              Defendant.

Christopher Lee Barnes
#11865762
SNAKE RIVER CORRECTIONAL INSTITUTION
777 Stanton Blvd
Ontario, OR 97914

       Pro se Plaintiff

Robert E. Sullivan
OREGON DEPARTMENT OF JUSTICE
Trial Division
1162 Court Street NE
Salem, OR 97301

       Attorney for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Christopher Lee Barnes, who is currently in custody at Snake River Correction Institution ("SRCI"), brings this action pro se against Dr. Litano, the "Head Dentist for [SRCI]" under 42 U.S.C. § 1983 ("§ 1983").[1]  Compl., pp. 3-4.  Plaintiff alleges Dr. Litano violated his First, Fifth, Eighth, and Fourteenth Amendment rights for "refusing to treat [Plaintiff] for a cross Bite [sic] issue" which Plaintiff alleges "is causing [his] teeth to Grind [sic] & Chip [sic] away . . . ."  Id., p. 4.  Plaintiff alleges "Dr. Litano . . . will only Treat [sic] [Plaintiff] in two months only [sic] if [Plaintiff's] Dental Hygiene [sic] is up to [Dr. Litano's] standards by then."  Id.  Plaintiff seeks damages of $8.5 million and an order immediately releasing him from prison.  Id., p. 6.

Now before me is Defendant's motion to dismiss (dkt. #17) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1977E(a).  Plaintiff did not file a response to Defendant's motion.  For the reasons below, Defendant's motion to dismiss (dkt. #17) is GRANTED.

## STANDARD

In considering a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint" and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  The facts alleged must

---

[1] The parties do not provide, and the record does not show, Dr. Litano's full name.

demonstrate "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (citations and internal quotation marks omitted).

## DISCUSSION

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There must be "proper exhaustion" of available administrative remedies, meaning the inmate must "us[e] all steps the agency holds out . . . ." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted). Administrative remedies must be exhausted prior to filing suit and may not be exhausted during the pendency of the suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1150-51 (9th Cir. 2006).

Here, Plaintiff concedes in his Complaint that although SCRI has a "prisoner grievance procedure[,]" he has not filed any "grievance concerning the facts [alleged in his Complaint]" and has not "completed" his "grievance process[.]" Compl., p. 2. Plaintiff explains that he did not file a grievance concerning the allegations in his Complaint because "[g]rievance's [sic] have not been getting Returned [sic] from other Institutions [sic] & The Officer's [sic] Like [sic] to

3 - OPINION & ORDER

tampper [sic] with Grievance's [sic]."  Id.  Plaintiff's explanation simply does not excuse

Plaintiff from following the grievance procedures available to him at SCRI as required under the

PLRA.  Accordingly, Plaintiff's Complaint must be dismissed.[2]

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (dkt. #17) is GRANTED for

failure to exhaust administrative remedies under the PLRA.

IT IS SO ORDERED.

Dated this 22 day of November, 2013.

*Marco Hernandez*

MARCO A. HERNANDEZ
United States District Judge

---

[2] Defendant also argues that Plaintiff fails to state a claim for relief because his allegations do not
show that he was denied care or that Defendant was deliberately indifferent to his medical needs.
Having already concluded that Plaintiff did not properly exhaust his administrative remedies as
required under the PLRA, I decline to address this argument.

4 - OPINION & ORDER